HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## BENNETT & LURGES *v.* W. G. ROBINSON.

Agreements, legally entered into, have the effect of laws on those who have formed them.
They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
They must be performed with good faith.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *C. Roselius,* for plaintiffs. *G. Schmidt,* for defendant and appellant.

ILSLEY, J. On the 24th October, 1860, the plaintiffs, Bennett & Lurges, made the following " proposition :"

" Charles Pride, Esq. Sir : We propose to furnish the verandah and railing for W. G. Robinson as per plan, the front gallery railing to be the same pattern as Mr. Felton's, corner of Canal and Philippe streets, for the sum of fifteen hundred dollars, (say $1,500). Yours respectfully, Bennett & Lurges, per J. S. Rhody."

On the 27th October, 1860, Walter G. Robinson, accepted this proposition in the following terms:

"I accept the above proposition, the work to be done in the best manner, and the best · materials in such cases to be used; all under the supervision and to the satisfaction of Mr. Chas. Pride. Signed, Walter G. Robinson."

On the 29th April, 1863, the present suit was instituted on an account annexed to the plaintiffs' petition, in which the item of fifteen hundred dollars, as per contract, is charged, and also an additional charge is made of five hundred and fifty dollars, for extra work.

The whole amount for $2,050; two thousand and fifty dollars is credited with the sum of fifteen hundred dollars.

The extra work is charged as follows:

1862, January 28. Extra work on verandah : "Difference on the side verandah for ten extra pilasters and heavier cornices than specified and shown to us on the plan............................$400

Alteration on ·the front balcony, round return instead of square.............................................. 150——$550 00

The defendant pleaded the general issue, and specially denied that the work for which plaintiffs claim payment was extra work, and that he ever authorized the plaintiff to do such work.

From judgment rendered against defendant, he has appealed.

It may be well to observe here that, although the item of fifteen hundred dollars, the contract price of the work is charged on the amount at the date of 30th September, 1861, and the extra work on the 28th January, 1862, there is no evidence in the record to show that any work was done on the verandah after the month of September, 1861.

Allen Hill, a witness, who testifies on the trial of the case, having examined the proposal for verandah, remarks : "I'cannot say the workmanship is any better than is called for by the proposition. It often happens when the contractors have not the pattern on hand, according to the style or contract, they adopt heavier patterns, as less expensive than making new ones to conform to the plans. He does not, however, know that such was the case in this particular instance.

Baumiller, another witness, says : "I have never yet seen any one make a verandah exactly as it is drawn on the plan. The plan is never drawn to any form of railing ; the builders and contractors fill in and select the patterns.

It would cost a little more to make the railing.pattern different from the one shown by the plan, if plaintiffs did not at the time have a pattern as the plan calls for."

There seems to be some doubt as to the plan which was adopted under the contract ; the witness, Tcheil, says "plan C was made fourteen days before the contract, but he cannot say if plaintiffs saw it or not. If they saw it, then the work is in conformity to that plan. By·the contract, a

plan is referred to the front gallery railing to be the same pattern as Mr. Felton's, corner of Canal and Phillippe streets."

It was, we think, at least incumbent on the plaintiffs to show *clearly* the plan adopted by the contract, in order to determine how the work actually performed differed from it. The defendant was willing to pay fifteen hundred dollars for the verandah, and that price was accepted ; and the contract was the law made by the parties for their government. (C. C. 1895.)

If the defendant consented to a change, he might well do so ; but, no such consent is shown ; and he is not bound for any extra work, unless it was done at his request, and with his knowledge and consent.

The whole work was done in September, 1860, and this suit was brought in May, 1863.

In the meantime the plaintiffs had received fifteen hundred dollars, the original price of this verandah, without objection. The additional charge for extra work seems to have been an after-thought. We think the defendant is bound for no more than he agreed to pay, and has already paid.

The judgment of the lower Court must be reversed.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be avoided, annulled and reversed.

And it is further ordered, adjudged and decreed, that judgment be, and it is hereby rendered in favor of the defendant, and against the plaintiff, with costs in both Courts.

HOWELL, J., recused.